UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST McREYNOLDS,

        Petitioner,                        Case Number: 13-13883
                                                        Honorable David M. Lawson
v.

BONITA HOFFNER,

        Respondent.
_____/

## ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

Petitioner Ernest McReynolds pleaded no contest in the Wayne County, Michigan circuit court to second-degree murder. He was sentenced to a term of incarceration of 13.5 to 30 years, and presently is confined at the Central Michigan Correctional Facility, Michigan. He filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 raising two issues alleging that his appellate lawyer was constitutionally ineffective, and his no-contest plea was involuntary because the petitioner was heavily medicated during the plea proceedings and he is actually innocent.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such

a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to show that any decision of a state court relating to his claims was contrary to or an unreasonable application of clearly established federal law, and that reasonable jurists could not debate the Court's conclusions as to all but one of the issues raised in the petition. However, the Court finds that reasonable jurists could debate whether the efforts of the petitioner's second appellate attorney constituted a sufficient substitute for the appellate rights that were forfeited by the neglect of his first appellate attorney, and it therefore will grant a certificate of appealability as to that claim only.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** as to the petitioner's claim that the efforts of his second appellate attorney did not constitute a sufficient substitute for the appellate rights that were forfeited by the neglect of his first appellate attorney **ONLY**.

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: July 13, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2016.

                                s/Susan Pinkowski
                                SUSAN PINKOWSKI